ROBERT KLOEPPEL v. H. B. BRADFORD.

182 So. 839.
Opinion Filed July 28, 1938.

*Rogers, Hazard & Thames,* for Plaintiff in Error;
*Evan Evans,* for Defendant in Error.

PER CURIAM.—In an action brought by the appellee against the appellant, the first count contains the following:

"That on or about the 22nd day of October, 1936, while plaintiff was a guest in defendant's said hotel as aforesaid, the defendant wrongfully, willfully and maliciously as-

saulted plaintiff and denied him admission into his room in said hotel, evicted plaintiff from said hotel without his clothing and personal effects which were contained in his room in said hotel, and plaintiff was thereby caused to suffer great mental and physical pain, embarrassment and humili-. ation."

The second account as amended alleges:

"That on or about the 22nd day of October, 1936, the defendant wrongfully, unlawfully, willfully and maliciously converted to his own use and deprived plaintiff of the use and possession of plaintiff's goods and chattels of the respective values as follows:"

(Itemized list amounting to $1,258.75 in value.)

"Wherefore, plaintiff brings this suit and claims $25,-000.00 damages of defendant."

A plea of not guilty was filed to each count. Lengthy special pleas were filed which are summarized by the court in his charge to the jury as follows:

"In addition to the plea of not guilty, which was interposed to each count, the defendant has interposed other pleas, the contents and effect of which were called to your attention at the beginning of the case. Of these other pleas, the amended plea to the second amended count states that, at all times mentioned in the declaration, the defendant was the owner and manager of the hotel George Washington in the City of Jacksonville, Florida; that the plaintiff at all times mentioned in the declaration was a guest in the. hotel, occupying room 626 therein; that, having failed and refused to pay for his lodging and occupancy of said room, the defendant says that he had a lien on all of the goods and chattels of the plaintiff in said room, and the goods and chattels mentioned in said declaration were found in said room, but all of the articles mentioned in the declaration

were subsequently returned and accepted by the plaintiff on or about the 30th of December."

Verdict and judgment for the plaintiff were rendered and defendant on writ of error assigned as error: (1) the order denying a new trial; (2) failing to give requested charges; (3) giving a stated charge.

Grounds for the motion for new trial include: (1) verdict contrary to law and evidence; (2) failing to grant motion for directed verdict for the defendant at the close of plaintiff's testimony and also at the close of all the evidence; (3) failing to grant defendant's motion for a directed verdict as to the first count, at the close of plaintiff's evidence; (4) failing to give stated separate requested charges; (5) giving a stated charge.

On defendant's motion for a directed verdict as to the first count, the trial court instructed the jury that there was no evidence of an assault by the defendant on the plaintiff and the court might properly have also similarly charged the jury as to the charge of an eviction of the plaintiff in connection with the alleged assault.

In both counts of the declaration it is alleged that the defendant committed the acts alleged. As the acts of conversion alleged in the second count do not constitute a direct but a consequential injury to the plaintiff, the fact that the declaration does not allege that the conversion was by the defendant's employees, is not harmful to the defendant, particularly under the evidence in this case showing the part the defendant had with his employees in the alleged conversion.

There is no substantial evidence to support the charge that the defendant "willfully and maliciously" converted to his own use the property stated in the second count of the declaration.

It is not necessary to discuss in detail the proposition stated on charges refused and one charge given, for the reason that on the whole evidence the verdict is contrary to the charges given when the charges are considered with the statutes referred to in the charge of the court, which control the rights and liabilities of hotel keepers and guests. See Secs. 5374, *et seq.,* C. G. L.

While the plaintiff objected to some of the hotel charges and claimed credits, it is admitted he owed the hotel for at least a relatively small amount due by him as a guest of the hotel under its rules when his room door was locked by the hotel authorities; and there was shown no unlawful or improper conduct of the hotel officers or employees in locking the door of the room assigned to the plaintiff in his absence, his clothing, etc., being in the room, and he was asked to amicably settle the claim of the hotel.

Reversed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.